IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-CR-355-LSC-KFP |
| | ) | |
| RANDALL DEMETRIUS BROADEN | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Randall Demetrius Broaden's Motion to Dismiss 18 U.S.C. § 922(g)(1) Count Under the Second Amendment. Doc. 29. Defendant's motion challenges the constitutionality of § 922(g)(1) based on *New York State Rifel and Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Government opposes the motion. Doc. 30. Upon consideration of the motion, the Magistrate Judge recommends that the motion be DENIED for the reasons that follow.

Another judge in this district recently ruled upon the same issue. Indeed, the motion in this case, but for changing the applicable defendant's name, is a verbatim copy. *Compare* Doc. 29 *with United States v. Taylor*, 1:23-CR-302-RAH-KFP, Doc. 22. Judge Huffaker's analysis of the motion in *Taylor*, which resulted in denying the motion, applies with equal force here. *Id*. There is no need to reinvent the wheel, and the undersigned adopts his reasoning.

> Before addressing the Defendant's *Bruen* argument, the Court must decide whether his claim is foreclosed by circuit precedent. In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit Court of Appeals held that § 922(g)(1) does not offend the Second Amendment. This Court is bound to follow Rozier "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting en banc." *United States v. Archer*, 531 F.3d 1347,

1352 (11th Cir. 2008). An intervening Supreme Court case may be considered to have abrogated a prior Eleventh Circuit decision only if it is "clearly on point." *Garrett v. University of Alabama at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003).

To the extent the Defendant's assertion that *Bruen* has established a new standard for Second Amendment claims is construed as argument that Rozier is no longer good law, this Court is unpersuaded. *Bruen* disavowed a particular "standard" for assessing the constitutionality of statutes regulating firearms: means-end scrutiny, which asked "how close the law [came] to the core of the Second Amendment right and the severity of the law's burden on that right." *Bruen*, 142 S. Ct. at 2126 (quoting *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019)). The Eleventh Circuit did not apply means-end scrutiny in Rozier; indeed, the circuit court did not adopt means-end scrutiny until two years after *Rozier* was decided. *See GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1260 n.34 (11th Cir. 2012).[1]

It is for the Eleventh Circuit, not this Court, to consider *Bruen's* ramifications for criminal law. Because this Court is bound by circuit precedent, it must reject Defendant's motion.

*Taylor*, 1:23-CR-302-RAH-KFP, Doc. 29; *accord United States v. McMillian*, 2:22-CR-303-MHT-CWB, Doc. 111 ("It is for the Eleventh Circuit, not this court, to consider *Bruen*'s ramifications for criminal law. McMillan is welcome to press his claim that *Rozier* warrants revisiting on appeal. Because the court is bound by circuit precedent, it must reject McMillan's second motion to dismiss the indictment."); *United States v. Joy*, No. 7:23-CR-225-LSC-NAD, 2023 WL 9327926, at *5 (N.D. Ala. Dec. 14, 2023), *report and recommendation adopted*, No. 7:23-CR-225-LSC-NAD-1, 2024 WL 235178 (N.D.

---

[1] Moreover, to the extent *Bruen* enunciated a new standard, the Supreme Court did not apply it to § 922(g)(1). Anticipating challenges like the Defendant's, Justice Kavanaugh, joined by the Chief Justice, noted in his concurrence that *Bruen* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (quoting *D.C. v. Heller*, 554 U.S. 570, 636 (2008)). Although dicta, Justice Kavanaugh's concurring remarks reinforce the Court's conclusion that *Bruen* did not address § 922(g)(1)'s constitutionality with sufficient clarity to abrogate *Rozier*.

Ala. Jan. 22, 2024) ("[A]fter *Bruen*, the question whether or not to revisit *Rozier*—and the constitutionality of § 922(g)(1) as a statutory restriction on firearm possession—is for the Eleventh Circuit. It is this court's job to interpret and apply the law, not to make it. So, for now, *Rozier* controls.") (citations omitted).

For the above reasons, the Magistrate Judge RECOMMENDS that the Motion to Dismiss 18 U.S.C. § 922(g)(1) Count Under the Second Amendment (Doc. 29) be DENIED.

Further, it is ORDERED that by **February 29, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3–1.

DONE this 15th day of February, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE